ARTHUR J. KNIGHT

*v.*

STATE OF ILLINOIS.

*Opinion filed May 7, 1917.*

MILITARY AND NAVAL—*transportation for enlisted men—State not liable for.* An enlisted member of the military or naval force of the State of Illinois, leaving the confines of the State on his own business, and not on authority of the State, is not entitled to a refund for transportation to point of mobilization.

Arthur J. Knight, Pro se.

Edward J. Brundage, Attorney General, for State.

Claimant, a resident of the City of Rockford, was mustered as a private in Battery D, Illinois Field Artillery, in Chicago, on September 3, 1915. On June 19, 1916, this organization was called by the President of the United States for service on the Mexican border. On that day he was in Hanover, New Hampshire, and on June 20th, he received a telegram from the Captain of his organization, commanding him to report at the Armory at Chicago at once. He immediately went to Chicago by way of Springfield, Massachusetts, and New York City, and was put to the expense of $34.43 in paying his railroad fare.

By way of argument, claimant states that transportation of enlisted men under military regulations should be paid to the point of mobilization, because transportation is paid from the place of discharge to the point of enlistment, and claimant also cites the Military and Naval Code, section 149, which provides that transportation and subsistence for all officers and men on duty under sections 3, 4 and 5 of article 16, shall be furnished by the State. Section 3 provides for the pay of officers when in actual service of the State. Section 4 for the pay of enlisted men when in active service. Section 5, for pay of enlisted men in actual service at encampments. It is fair to presume that claimant voluntarily enlisted in this militia organization.

When he went outside of the State, he did so of his own volition, and with full knowledge of the fact that he might be called upon to report for the duty and service which he undertook to perform when he joined the organization. He was not outside the State because the State required him to be. When he took it upon himself to go to Hanover, New Hampshire, it was on his own private business and he could return at his own expense and of his own volition at any time, or having undertaken the obligations of a member of Battery D, he could be called upon to return when the State required his services.

—8 C C

In our view of the case, claimant was not on duty until he reported for duty at the appointed rendezvous, and there is nothing in the law which provides for the payment of expenses before actual performance of duty.

There is nothing in the law that we can find, nor is there anything in the military regulations that we have been informed of that would warrant the making of an award in this case, but on the other hand it is within the province of the Legislature to appropriate in this case, if it may so see fit. The claim appeals to one's sense of justice, and we do not feel inclined to preclude claimant be rejecting the claim. This claim is consequently rejected without prejudice, to the right of claimant to prevent his claim to the Legislature.